Bowman having a claim to land for services rendered during the revolutionary war, agreed with Hite as follows, “£ to transfer to him, half his right of a military land warrantor warrants, whenever obtained, for wiiic’' *47 Hite is to make application for the warrants, and have it located ; and said Bowman is to pay half the ex pence, if obtained.” This agreement bears date the 10th of May, 18 ¡9. Shortly after, Hite let Noel in as an equal partner with him, and procured a power of attorney tobe made by Bowman to Noe!, to enable him to apply at Richmond, in Virginia, for the warrants. Noel accordingly applied and procured the warrants for 8000 acres, one half of which were delivered to Bowman, he paying one half the expense of procuring the whole, and the other half were assigned hy Bowman, to Hite and Noel, except a warrant for 600 acres of Noel’s part, which Bowman refus; d to assign, alleging that Élite was bound by the contract, at his own expense, tolocate Bowman’S part; and having failed to do so, that Bowman was entitled to a compensation therefor. To procare Bowman to make the assignment. Noel, after some altercation on the subject and with a full knowledge, as he admits, of the. terms of the written contract, agreed to give Bowman one hundred dollars, for the payment of which, he executed his note. This note Bowman assigned to Wooifoik, who brought suit and recovered judgmentat law, to enjoin which. Noel filed this hill. He asserts his right to relief on the ground, that when the note was executed, he was assured hy Bowman that he had recently had an interview with Hite, who acknowledged that he was bound, at bis own expense to locate Bowman’s half of the warrants; that confiding in that assurance, he had executed the note, and that he had since learnt from Hite, that he never had made such an acknowledgment He makes Hite, Bowman and Wooifoik defendants, and prays for relief against the judgment at law, and that if he should be compelled to pay, Hite might be decreed to contribute his proportion.
Hite, in his answer, admits that he had let Noel in as an equal partner with him, and that he had received an assignment of his part of the warrants, but he denies that he was bound to locate at his expense Bowman’s part of the warrants, alleges that he never had acknowledged that he was bound to do so, and insists that the written contract should alone furnish the criterion of his liability.
<Aparther onlnd^war just with the party injur sonaf detwlt of his co-part per, the com le made "and has an ¿cjuitabledamand, at least for páftiígainíTt the defaultipg partner,
Bowman denies that he made to Noel any reprethat Hite had acknowledged himself bound at his own expense to locate Bowman’s part of the warrants. He admits that he stated to Noel, that Hite, according to the correct construction of the contract was so bound, and he still insists, that such is the true construction of the contract.
Woolfolk being ignorant of the consideration upon which the note was given, neither admits nor denies the allegations of the bill and puls Noel upon proof of them.
On a final hearing, the circuit court dismissed the' bill and dissolved the injunction which Noel had obtained, without giving him any relief over against Hite, and from that decree Noel has prosecuted this writ of error.
2. We cannot think that Noel has entitled himself be relieved from the judgment at law. The charge Noel was induced to execute the note for one hundollars by Bowman’s assurances that Hite had acknowledged that he was bound, at his own expense to locate Bowman’s part of the warrants, is not suffisupported by the evidence. One witness indeed supports the charge, but the answer of Bowman, expressly denies it. and the answer is fortified by the subscribing witness to the note. Under these circumstances, the evidence in support of the charge, cannot be deemed sufficient to justify a decree.
Undoubtedly, according to the true construction of the agreement between Hite and Bowman, the latter was bound to pay the expense; that is. the office fees for locating his half of the warrants. But it is equally clear, that Hite was bound by the agreement to locate Bowman’s half of the warrants. To do this with propriety, some topographical knowledge of the country where the land was to be appropriated, as well as some knowledge of the existing claims, was necessary, and to obtain this knowledge, would require no little trouble.
The undertaking of Hite, therefore, to locate Bowman’s part of the warrants, must have formed a large share of the consideration which induced Bowman to enter into the agreement, audlof course Bowman might *49 ■wili claim a fcompensation for Hite’s failure to perforin that undertaking.
The note, tiierefore, on which the judgment at law Was recovered, cánnot be said to have been exacted from Noel, without any consideration. The injunction was consequently, properly dissolved, and the bill dismissed as to Bowman and Woolfolk. But as Noel and Hite were equal partners, they ought to contribute equally to the amount due Bowman, and the circuit court erred in not decreeing Hite to pay a moiety of the one hundred dollars, with interest, to Noel.
The decree of the circuit court dismissing the bill as to Bowman and Woolfolk, must be affirmed, with costs and damages upon the damages ; and so far as it dismisses the bill against Hite, it must be reversed with costs, and the cause be remanded for a decree to b.é entered against Hite, agreeably to the foregoing opinion.